UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 21-0039-DCR |
| V. | ) ) | |
| RAYMOND BRADLEY BUSH, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Raymond Brush pleaded guilty on February 24, 2022, to conspiring to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1), distributing 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a) (Count 2), and distributing a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a) (Count 3). [Record Nos. 31 and 131]

Counts 1 and 2 of the operative Superseding Indictment, as well as the government's 21 U.S.C. § 851 notice, provide that the defendant is subject to an enhanced statutory punishment because he has a 2004 "serious violent felony" conviction for conspiracy to commit arson in the second degree under KRS § 513.030. [Record Nos. 31 and 116] Application of the enhancement would result in a statutory penalty of not less than 10 years and not more than life imprisonment on Counts 1 and 2 under 21 U.S.C. § 841(b)(1)(B). If the

enhancement does not apply, however, Brush would be subject to a 5-year minimum and 40-year maximum term of imprisonment under § 841(b)(1)(B).

The Presentence Investigation Report ("PSR") also indicates that Brush is a career offender under U.S.S.G. § 4B1.1. [PSR, ¶ 39] The statutory maximum under § 841(b)(1)(B) impacts the defendant's total offense level because an enhancement carrying a maximum term of life imprisonment will result in a career offender offense level of 37 (before acceptance of responsibility is considered) under § 4B1.1(b), while the lack of such an enhancement will result in a career offender offense level of 34. The PSR provides for a career offender offense level of 37 based on the § 841(b)(1)(B) enhancement for the prior serious violent felony. [*See id.* at ¶ 39.]

Brush objected to the statutory enhancement and noted that the resolution of this objection impacts the applicable offense level under § 4B1.1(b). [Record Nos. 130 and 149; Objection No. 1 to the PSR] The defendant's objection disputes whether his conspiracy to commit arson in the second-degree conviction qualifies as a "serious violent felony." The parties specifically disagree about whether 18 U.S.C. § 3559(c)(3)(B) ("the arson disqualification clause") should apply and, assuming it does, whether the defendant has carried his burden of proving that the prior conviction at issue fits its requirements.

The Court addressed these issues during the defendant's sentencing hearing on June 10, 2022. As set forth in further detail below, the United States' interpretation of the relevant statutes is correct. Section 3559(c)(3)(B) does not apply in this case. But even if it did apply, Brush has not demonstrated that the prior conviction at issue satisfies its criteria. Brush's objection was overruled for these reasons.

**I.**

As relevant here, 21 U.S.C. § 802(58) defines "serious violent felony" for the purposes of § 841(b)(1)(B) as "an offense described in section 3559(c)(2) of title 18 for which the offender served a term of imprisonment of more than 12 months."[1] The parties do not dispute the fact that Brush served a term of imprisonment of more than 12 months for the offense at issue, and he actually served over three years in prison for this conviction. [PSR, ¶ 51]

Section 3559(c)(2) in turn, provides two clauses that define "serious violent felony," one of which enumerates certain qualifying offenses, including "arson" and "attempt, conspiracy, or solicitation to commit any of the above offenses." 18 U.S.C. § 3559(c)(2)(F)(i). "Arson" is defined as "an offense that has as its elements maliciously damaging or destroying any building, inhabited structure, vehicle, vessel, or real property by means of fire or an explosive." 18 U.S.C. § 3559(c)(2)(B). The parties agree that conspiracy to commit arson in the second degree under Kentucky law is an enumerated offense under § 3559(c)(2)(F)(i). [*See* Record Nos. 147, pp. 4-5 and 149, pp. 2, 5.]

However, the parties disagree about whether the arson disqualification clause contained in § 3559(c)(3)(B) should apply such that the conviction in question is not considered a "serious violent felony." The arson disqualification clause reads as follows:

> (B)Arson in certain cases.—Arson shall not serve as a basis for sentencing under this subsection if the defendant establishes by clear and convincing evidence that—
>
> (i) the offense posed no threat to human life; and

---

[1] This provision is relatively new. Congress amended § 802 in the First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(1), 132 Stat. 5194, 5220 (2018), to add § 802(58). The Controlled Substances Act did not define "serious violent felony" prior to this amendment. *See* 21 U.S.C. § 802 (2016).

(ii) the defendant reasonably believed the offense posed no threat to human life.

18 U.S.C. § 3559(c)(3)(B).

The United States argues that this disqualification clause is inapplicable because a plain reading of the statutory provisions at issue indicates that only § 3559(c)(2) is relevant. [Record No. 147, pp. 6-8] Specifically, the government observes that: (1) § 802(58) references § 3559(c)(2) but not § 3559(c)(3); and (2) the language of § 3559(c)(3)(B) suggests that it only applies for mandatory life sentences imposed pursuant to the "three strikes" law of § 3559(c)(1). The "three strikes" law holds that a defendant convicted of a serious violent felony must be sentenced to a term of life imprisonment if: (A) he has been convicted on "separate prior occasions" of either two or more serious violent felonies, or one or more serious violent felonies and one or more serious drug offenses; and (B) "each serious violent felony or serious drug offense used as a basis for sentencing under this subsection, other than the first, was committed after the defendant's conviction of the preceding serious violent felony or serious drug offense." 18 U.S.C. § 3559(c)(1)(A)-(B).

Brush disagrees, claiming that § 3559(c)(3)(B) "becomes part of the overall definition" of the offenses listed in § 3559(c)(2) because it "enumerat[es] specific characteristics of non-qualifying felonies." [Record No. 149, p. 3] In other words, the defendant asserts that the limitations outlined in § 3559(c)(3)(B) must be read into the definition of "serious violent felony" provided in § 3559(c)(2)(F)(i) to give the statutory provisions effect. [*Id.*] The defendant also notes that § 3559(c)(2)(F)(i) "already expands the definition of 'serious violent felony' relative to other recidivism enhancements by including conspiracy in the definition" and contends that "[t]here is no basis to believe it meant to expand the definition further by including non-violent arson offenses as well." [*Id.*]

Case law on this issue is scarce, to say the least. Brush cites *United States v. Barnwell*, No. 3:20-cr-623, 2021 WL 1964261 (N.D. Ohio May 17, 2021), a case in which the court applied § 3559(c)(3)(A), a disqualification provision similar to § 3559(c)(3)(B), in finding that the defendant had demonstrated by clear and convincing evidence that his prior robbery conviction was not a predicate serious violent felony under § 841(b)(1)(B). However, *Barnwell* is not particularly helpful because that opinion: (1) did not consider the language of § 802(58) (or even mention this provision); and relatedly, (2) assumed that § 3559(c)(3) should apply without analyzing the issue at hand. *Id.* at *1.

However, the United States' arguments regarding the relevant statutory language are intuitive and persuasive. "When interpreting a statute," the Court considers "the plain meaning of the statutory language." *United States v. Henry*, 983 F.3d 214, 218 (6th Cir. 2020) (quoting *King v. Zamiara*, 788 F.3d 207, 212 (6th Cir. 2015)). This involves a "look at the specific statutory language [at issue] as well as the language and design of the statute as a whole." *Id.* (quoting *United States v. Meyers*, 952 F.2d 914, 918 (6th Cir. 1992)). The text of § 802(58), which defines the "serious violent felony" language used in § 841(b)(1)(B), plainly favors the United States' position. The language unambiguously directs the reader to the offenses described in § 3559(c)(2) without reference to the disqualification clauses contained in § 3559(c)(3). The Court must "assume that Congress says what it means and means what it says." *United States v. Jackson*. 995 F.3d 522, 523 (6th Cir. 2021). If Congress had intended the Court to consider § 3559(c)(3) in defining "serious violent felony" for the purposes of § 802(58) (and § 841(b)(1)(B)), it could have explicitly referenced § 3559(c)(3) in § 802(58).

The language of § 3559(c)(3)(B) also favors the government's interpretation of these statutes. As the United States points out, § 3559(c)(3)(B) provides that "[a]rson shall not serve

*as a basis for sentencing under this subsection*" if the defendant can establish certain facts by clear and convincing evidence. (emphasis added). "[A]s a basis for sentencing under this subsection" clearly refers to "three strikes" mandatory life sentences imposed pursuant to § 3559(c)(1). Indeed, this same language is used in the "three strikes" provision itself. *See* 18 U.S.C. § 3559(c)(1)(B) ("each serious violent felony or serious drug offense used *as a basis for sentencing under this subsection*, other than the first, [must have been] committed after the defendant's conviction of the preceding serious violent felony or serious drug offense") (emphasis added). And this understanding of the arson disqualification clause comports with the United States Court of Appeals for the Sixth Circuit's interpretation of § 3559(c)(3) in a separate context. *See United States v. Gatewood*, 230 F.3d 186, 188-89 (6th Cir. 2000) (en banc) ("The three strikes statute contains a disqualification provision, or an affirmative defense, that provides a defendant with the opportunity *to prove that an otherwise qualifying conviction does not constitute a 'strike' under the statute*.") (emphasis added).

The defendant's arguments do not compel a different conclusion. It is true that "[a] statute should be construed so that effect is given to all its provisions, [and] so that no part will be inoperative or superfluous, void or insignificant . . . ." *Corley v. United States*, 556 U.S. 303, 314 (2009) (first alteration in original) (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)). But the government's reading of the arson disqualification clause does not render any relevant provision inoperative, superfluous, void, or insignificant. Under this reading, § 3559(c)(2) still defines "serious violent felony" for the purposes of §§ 3559(c)(1), 802(58), and 841(b)(1)(B), while also providing a definition of "arson" insofar as that crime constitutes a "serious violent felony." And § 3559(c)(3)(B) itself maintains a distinct and important purpose, *i.e.*, to provide

that while arson convictions constitute serious violent felonies, certain cases will not qualify as "strikes" for § 3559(c)(1) "three strikes" life sentences.

Along these lines, the language of § 3559(c)(3)(B) does not actually modify the definition of "serious violent felony" found in § 3559(c)(2)(F)(i). It does not provide that an arson conviction *is not* a "serious violent felony" under § 3559(c)(2)(F)(i) if the defendant demonstrates certain points. Instead, it says that "[a]rson shall not serve as a basis for sentencing under this subsection" if the defendant demonstrates certain points. In other words, arson remains a "serious violent felony" under § 3559(c)(2)(F)(i) even if § 3559(c)(3)(B) applies so that it cannot qualify as a "strike" under § 3559(c)(1). *See United States v. Mackovich*, 209 F.3d 1227, 1238 (10th Cir. 2000) (observing that "not all serious violent felonies count as 'strikes'" pursuant to § 3559(c)(3)(A)'s robbery disqualification clause).

Finally, the defendant's claim that "[t]here is no basis to believe [Congress] meant to expand the definition [of "serious violent felony"] by including non-violent arson offenses" is somewhat hard to follow. Assuming he means that Congress could not have intended arson convictions that fit the requirements of the disqualification clause to constitute "serious violent felonies," the language of § 3559(c) again directs the opposite conclusion. As noted above, § 3559(c)(2)(B) defines "arson" for the purposes of its enumeration as a "serious violent felony" in § 3559(c)(2)(F)(i). That definition ostensibly encompasses offenses that "posed no threat to human life" and where "the defendant reasonably believed the offense posed no threat to human life." Thus, the definition of "arson" (as used in § 3559(c)(2)(B) and (F)(i)) contemplates that § 3559(c)(3)(B) offenses will be serious violent felonies. And as discussed, the disqualification clause does not actually modify the definition of "serious violent felony" such that certain arson offenses are excluded from that definition.

Based on the foregoing, the Court finds that § 3559(c)(3)(B) does not apply in this case.[2] The text of § 802(58) references only § 3559(c)(2) without mentioning the § 3559(c)(3). Additionally, the text and structure of § 3559(c) indicate that the § 3559(c)(3)(B) arson disqualification clause does not affect what constitutes a "serious violent felony" for the purposes of § 3559(c)(2) (as well as §§ 802(58) and 841(b)(1)(B)). Because the arson disqualification clause does not apply, the defendant's objection to the sentencing enhancement was overruled.

## II.

Even if one assumes that § 3559(c)(3)(B) applies in this case, Brush did not carried his burden of proving that his conspiracy to commit arson in the second-degree conviction meets the provision's requirements by clear and convincing evidence. The defendant relied on the elements of KRS § 513.030 to show that "[b]y law, a conviction for arson in the second degree

---

[2] There is one additional reason § 3559(c)(3)(B) may not apply here. Section 3559(c)(3)(A) provides that "[r]obbery, *an attempt, conspiracy, or solicitation to commit robbery*; or an offense described in paragraph (2)(F)(ii) shall not serve as a basis for sentencing under this subsection" if the defendant makes several factual showings by clear and convincing evidence. (emphasis added). Its arson counterpart conspicuously lacks this "attempt, conspiracy, or solicitation" language, which perhaps suggests that § 3559(c)(3)(B) cannot apply to convictions for *conspiracy* to commit arson. However, the parties have not addressed this issue, and it is clear that § 3559(c)(3)(B) should not apply for the other reasons described above.

does not require any element of threat to human life,"[3] whereas a conviction for arson in the first degree under KRS § 513.020 may be sustained only where "[a] building is inhabited or occupied or the person has reason to believe the building may be inhabited or occupied" or "[a]ny other person sustains serious physical injury as a result of the fire or explosion or the firefighting as a result thereof." [Record No. 149, p. 4] But this is the wrong approach.

The language of § 3559(c)(3)(B) "unmistakably requires courts to look to the specific facts underlying the prior offense, not to the elements of the statute under which the defendant was convicted." *Mackovich*, 209 F.3d at 1240 (applying this reasoning to the similar language found in § 3559(c)(3)(A)'s disqualification clause); *accord United States v. Snype*, 441 F.3d 119, 147 (2d Cir. 2006) (same). And the defendant has not offered clear and convincing evidence of facts that: (i) "the offense posed no threat to human life"; *or* (ii) "the defendant reasonably believed the offense posed no threat to human life." *See* 18 U.S.C. § 3559(c)(3)(B). According to the PSR, Brush paid another individual, Shawn Witt, to burn the home of the

---

[3] KRS § 513.030 provides:

    (1) A person is guilty of arson in the second degree when he starts a fire or causes an explosion with intent to destroy or damage a building:
        (a) Of another; or
        (b) Of his own or of another, to collect or facilitate the collection of insurance proceeds for such loss.
    (2) In any prosecution under this section, it is a defense that:
        (a) No person other than the defendant had a possessory or proprietary interest in the building, or, if other persons had such an interest, all of them consented to the defendant's conduct; and
        (b) The defendant's sole intent was to destroy or damage the building for a lawful purpose.
    (3) Arson in the second degree is a Class B felony.

victim. [PSR, ¶ 51] "No person was inside of the home at the time of the arson." [*Id.*] Additionally, the government's brief describes the incident as follows:

> In 2002, the Defendant conspired to commit arson by paying another person to set fire to a Kentucky State Trooper's home. According to the law enforcement report, gasoline was poured on a woodpile at the rear of the trooper's home and set on fire, causing smoke to fill the house. Fire and law enforcement departments responded to assist and investigate. No one was injured as the trooper was on duty at the time and the trooper's wife had left the home earlier in the day.

[Record No. 147, pp. 2-3]

During his sentencing hearing, Brush failed to offer any evidence that his prior conviction meets the two requirements of § 3559(c)(3)(B). And even if one credits the information described above to Brush, these details would not, standing alone, establish either criterion.

The fact that no other person was injured does not establish that "the offense posed no threat to human life." Arson could potentially threaten the lives of neighbors, bystanders, or firefighters depending on certain facts, *e.g.*, the time and severity of the fire and the location of the home. *See United States v. Gatson*, 776 F.3d 405, 410 (6th Cir. 2015) (noting that "even a fire whose purpose is to destroy personal property—say, a car—might well harm an occupant, bystander, or firefighter."); *see also United States v. Adams*, 51 F. App'x 507, 508 (6th Cir. 2002) ("Not only might the targeted building be occupied regardless of whether it is a dwelling, but a serious potential risk of physical injury to others exists because the fire could harm firefighters and onlookers and could spread to occupied structures."). Brush's failure to offer evidence on this specific point demonstrates that he has not carried his burden on the first prong of § 3559(c)(3)(B).

And significantly, the information in the record contains no details about the defendant's knowledge such that one could conclude that he "reasonably believed the offense posed no threat to human life." Brush presented no evidence regarding: (1) whether he was involved in planning the arson itself or whether he simply paid Witt to start the fire, leaving the details to the co-conspirator; (2) whether Witt provided him with specific details about the plan prior to its execution (assuming he was not involved in formulating the plan); (3) whether he knew the state trooper and his wife would not be home at the time Witt planned to start the fire; (4) whether he knew the state trooper and his wife were the only residents of the home (if they were, in fact, the only residents); or (5) whether he had sufficient knowledge of the home's location and physical characteristics such that he could assess the risk of a fire growing or spreading to threaten other individuals. Without evidence on issues such as these, the Court cannot conclude that "the defendant reasonably believed the offense posed no threat to human life."

In summary, Brush's reliance on the *elements*, rather than the *facts*, of the relevant underlying conviction is misplaced. And he has not shown by clear and convincing evidence that "the offense posed no threat to human life" or he "reasonably believed the offense posed no threat to human life" as required by § 3559(c)(3)(B). Thus, even if one assumes § 3559(c)(3)(B) informs the "serious violent felony" analysis in this case, Brush has not established that his conspiracy to commit arson in the second-degree conviction fits its criteria.

### III.

As described herein, § 3559(c)(3)(B)'s arson disqualification clause does not apply, and Brush's conspiracy to commit arson in the second-degree conviction constitutes a "serious violent felony" for the purposes of §§ 3559(c)(2)(F)(i), 802(58), and 841(b)(1)(B). Assuming

§ 3559(c)(3)(B) is applicable, however, the defendant did not offer any evidence to carry his statutory burden of proving that the prior conviction meets its requirements by clear and convincing evidence. Accordingly, it is hereby

**ORDERED** that Defendant Raymond Brush's objection to the United States' 21 U.S.C. § 851 notice of enhanced statutory punishment [Record Nos. 130 and 149; Objection No. 1 to the PSR] is **OVERRULED**.

Dated: June 10, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky