UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

UNITED STATES OF AMERICA,              )
                                       )    Criminal Action No. 5: 21-0039-DCR
          Plaintiff/Respondent,        )              and
                                       )    Civil Action No. 5: 24-246-DCR
V.                                     )
                                       )
RAYMOND BRADLEY BUSH,                  )         **MEMORANDUM ORDER**
                                       )
          Defendant/Movant.            )

*** *** *** ***

Defendant/Movant Raymond Brush filed a *pro se* petition seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 249] Consistent with local practice and pursuant to 28 U.S.C. § 636(b)(1)(B), the petition was referred to a United States Magistrate Judge for review and issuance of a Report and Recommendation ("R&R"). Upon initial review, United States Magistrate Judge Matthew A. Stinnett directed briefing on equitable tolling as Brush's petition appeared untimely. [Record No. 251] After both parties tendered briefs, Magistrate Judge Stinnett appointed counsel for the defendant and scheduled an evidentiary hearing on that issue. [Record No. 261]

Following the hearing, Magistrate Judge Stinnett recommended that Brush's motion for habeas relief be denied because he failed to demonstrate his entitlement to equitable tolling and that no Certificate of Appealability be issued. [Record Nos. 292 and 296] Neither party filed timely objections to the R&R.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, "[i]t does not appear that

- 1 -

Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless, the undersigned has examined the record *de novo* and agrees with the Magistrate Judge Stinnett's recommended disposition.

Brush admitted that his § 2255 petition was untimely but claimed that a prior draft had been confiscated by a correctional officer on the eve of the filing deadline.[1] [Record No. 252] He further argued that multiple lockdowns at his facility fettered his access to the law-library for research and preparation. *Id.* The United States sought testimony from the corrections officer who presented a different set of facts concerning the alleged confiscation. [Record No. 257]

Concerning Brush's argument that frequent lockdowns at his facility entitle him to equitable tolling, the Magistrate Judge concluded in the R&R that "Brush has not established his diligent pursuit of his rights during the many months prior to the lockdown. Thus, Brush's conduct does not satisfy his burden of demonstrating he diligently pursued his habeas rights." [Record No. 296 at 7] The undersigned agrees. And as explained in the R&R, frequent lockdowns are ordinary in many facilities and do not suffice in creating extraordinary circumstances. *Id.* at 6.

The evidentiary hearing centered around Brush's contention that FCI Corrections Officer James Chapman confiscated his petition. Magistrate Judge Stinnett heard from several witnesses and concluded that, unlike some of the others who had their documents confiscated,

---

[1]     As the Magistrate Judge correctly concludes, "Brush's deadline to file his habeas petition was July 30, 2024. Brush filed this petition on September 8, 2024." [Record No. 296 at 2]

"Brush did not seek the return of the documents from Chapman or other officials at FCI Gilmer, he did not file an administrative complaint, he did not file a motion informing the Court of the situation, and he did not take any other action." [Record No. 296 at 9] Ultimately, the Magistrate Judge determined that Brush failed to carry his burden in demonstrating diligence in getting his petition returned. *Id.*

The undersigned agrees that Brush has failed to meet his burden for equitable tolling. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (noting that equitable tolling must be used sparingly). Here, Brush did not show that "he has pursued his rights diligently" and that "some extraordinary circumstance prevented timely filing." *Id.* But even if the Court assumed that Brush faced an "extraordinary circumstance," he failed to demonstrate that he pursued his rights diligently. He had a year following his appeal to tender a petition. But waiting until the final hour to file it (without sufficient justification) does not turn an ordinary situation (*e.g.*, lockdowns) into an extraordinary one by virtue of the fact that the deadline is near.

To the extent that the Magistrate Judge's conclusions stem from his observations during the evidentiary hearing, the undersigned notes that the presiding judge is in the best position to assess the credibility of witnesses. *See United States v. Macklin*, 819 F. App'x 372, 376 (6th Cir. 2020).

Finally, the undersigned notes that a Certificate of Appealability may issue only where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires that the movant demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Brush has not made a "substantial showing" regarding a denial of his constitutional rights. Further, reasonable jurists would not find this

Court's determination on Brush's entitlement to equitable tolling debatable. Based on the foregoing, it is hereby

ORDERED as follows:

1.     The United States Magistrate Judge Matthew A. Stinnett's Report and Recommendation [Record No. 296] is ADOPTED in full and INCORPORATED here by reference.

2.     Defendant/Movant Brush's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Record No. 249] is DENIED, with prejudice.

3.     Defendant/Movant Brush's collateral proceeding is DISMISSED, with prejudice and STRICKEN from the docket.

4.     A Certificate of Appealability will not issue.

Dated:  April 20, 2026.

Danny C. Reeves, District Judge
United States District Court
Eastern District of Kentucky